UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO.:

|  |  |
|---|---|
| MACIEJ LIPSKI, PERSONAL REPRESENTATIVE OF THE ESTATE OF MARY ELLEN LIPSKI,<br>    Plaintiff,<br><br>v.<br><br>HEALTHBRIDGE MANAGEMENT, LLC,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

To:   Judges of the United States District Court
      for the District of Massachusetts

Defendant Healthbridge Management, LLC ("Healthbridge") hereby gives notice of its

removal of this action, pursuant to 28 U.S.C. §§ 1332, 1441 & 1446, to the United States District

Court for the District of Massachusetts.  As grounds for removal, Healthbridge states as follows:

1.     On or about July 1, 2015, the plaintiff Maciej Lipski ("Lipski") filed a civil action

cover sheet and complaint against Healthbridge in the Superior Court Department of the Trial

Court of the Commonwealth of Massachusetts in and for the County of Middlesex, captioned

Maciej Lipski, Personal Representative of The Estate of Mary Ellen Lipski v. Healthbridge

Management, LLC, Civil Action No. 1581CV04836.

2.     On or about July 17, 2015, Lipski served a copy of the complaint on Healthbridge.

The summons and complaint served on Healthbridge are attached as exhibit 1.  The date of service

is visible on the bottom of the first page of the summons.

1

3.      This Notice of Removal is timely filed, as Healthbridge files same within thirty (30) days after receipt of the initial pleading setting forth the claims for relief upon which such action or proceeding is based as required by the provisions of 28 U.S.C. § 1446(b).  See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48, 119 S. Ct. 1322, 1325 (1999).

4.      Jurisdiction exists over this removed action, pursuant to 28 U.S.C. § 1441, because this action could originally have been filed in the United States District Court, pursuant to 28 U.S.C. § 1332(a)(1), on the basis that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000:

    a.      Healthbridge is a limited liability company organized under the laws of the State of New Jersey with a principal place of business in the State of New Jersey.

    b.      Based on the Complaint, Lipski is an individual residing in Wilmington, Middlesex County, in the Commonwealth of Massachusetts.  See Exhibit 1, Complaint.

    c.      Lipski has alleged that, as a result of Healthbridge's acts or omissions, Mary Lipski suffered serious injuries, and conscious pain which culminated in her premature, wrongful death.  See Exhibit 1, Complaint.

    d.      Lipski's civil action cover sheet, which was filed with the complaint in the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts in and for the County of Middlesex, states the total damages to be $400,000.  See Exhibit 2, Civil Action Cover Sheet.

5.      Because complete diversity of citizenship exists between the plaintiff and the defendant, and as the amount in controversy exceeds the sum of $75,000.00, removal is proper pursuant to 28 U.S.C. § 1446.

6. The Eastern Division of the United States District Court for the District of Massachusetts is the proper forum for removal pursuant to 28 U.S.C. §§ 101 and 1441(a), as the civil action is pending in Middlesex County, Massachusetts.

7. Healthbridge will promptly provide written notice of the removal of this action pursuant to 28 U.S.C. § 1446(d) to Lipski and to the Clerk of the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts in and for the County of Middlesex.

8. Pursuant to Local Rule 81.1(a), Healthbridge shall request of the Clerk of the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts in and for the County of Middlesex certified or attested copies of all docket entries therein and shall file same with this Court within thirty (30) days after filing this Notice of Removal.

**WHEREFORE**, Healthbridge requests that the action pending in the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts in and for the County of Middlesex be removed therefrom to the United States District Court for the District of Massachusetts and proceed as an action properly so removed.

Respectfully submitted,
The Defendant, HEALTHBRIDGE
MANAGEMENT, LLC,
By its attorneys,

**MORRISON MAHONEY LLP**

/s/Joseph M. Desmond
Joseph M. Desmond, BBO # 634883
Philip J. Messier, BBO # 688342
250 Summer Street
Boston, MA 02210
(617) 439-7500
jdesmond@morrisonmahoney.com
pmessier@morrisonmahoney.com

Dated: August 5, 2015

## CERTIFICATE OF SERVICE

I, Joseph M. Desmond, do hereby certify that I have this day served a copy of the foregoing document upon all counsel of record to:

Steven M. Litner, Esq.
Rawson Merrigan & Litner, LLP
185 Devonshire Street, Eleventh Floor
Boston, MA 02110
(617) 348-0988

Dated:  August 5, 2015                    /s/Joseph M. Desmond

EXHIBIT 1

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX , ss

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 1581CV04836



Maciej Lipski, Personal Representative
of the Estate of ............... , Plaintiff(s)
Mary Ellen Lipski

v.

Healthbridge Management, LLC
........................... , Defendant(s)

## SUMMONS

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

To the above-named Defendant: Healthbridge Management, LLC

You are hereby summoned and required to serve upon ...... Steven M. Litner, Esq.
185 Devonshire Street,

...................... plaintiff's attorney, whose address is ............................
Suite 1100, Boston MA 02110 ............, an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at .. 200 Trade Center

Woburn, MA 01801 ............... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, Judith Fabricant, Esquire, at ...... 200 Trade Center, Woburn, MA 01801

the ......... 13th ......... day of ......... July .........

............, in the year of our Lord ... 2015 .........

A true copy Attest:
Deputy Sheriff Suffolk County

Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used
for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

**PROOF OF SERVICE OF PROCESS**

I hereby certify and return that on ...............................................................................................................
20........., I served a copy of the within summons, together with a copy of the complaint in this action,
upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

.................................................................................................................................................................
.................................................................................................................................................................
.................................................................................................................................................................

.................................................................................................................................

Dated: ............................................................................................................,20...........

**N.B.  TO PROCESS SERVER:**
       **PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX**
       **ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

(  ———————————————————  )

(  ..............................................,20.......... )

(  ———————————————————  )

15012234

**COMMONWEALTH OF MASSACHUSETTS**

MIDDLESEX........., ss.

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 1581CV04836

Maciej Lipski, Personal Representative
of The Estate of Mary Ellen Lipski .........., Plff.

v.

Healthbridge Management, LLC ............, Deft.

SUMMONS
(Mass. R. Civ. P. 4)

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

MIDDLESEX SUPERIOR COURT
CIVIL ACTION NO:

|  |  |
|---|---|
| MACIEJ LIPSKI, PERSONAL REPRESENTATIVE OF THE ESTATE OF MARY ELLEN LIPSKI,     Plaintiff, <br><br> v. <br><br> HEALTHBRIDGE  MANAGEMENT LLC,     Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) **COMPLAINT** |

## PARTIES AND FACTUAL BACKGROUND

1. Plaintiff, Maciej Lipski, is the son and duly appointed Personal Representative of the Estate of Mary Ellen Lipski ("Decedent"), who died on or about September 1, 2012. Maciej Lipski resides in Wilmington, County of Middlesex, Commonwealth of Massachusetts.

2. Defendant, HealthBridge Management, LLC, is a New Jersey limited liability company with a principle place of business located at 173 Bridge Plaza North, Fort Lee, NJ 07024. The registered agent for receipt of service of process is located at c/o Corporation Service Company, 84 State Street, Boston, County of Suffolk, Commonwealth of Massachusetts.

3. At all material times, Defendant owned, operated, maintained, managed, staffed, controlled, and/or profited from the Wilmington Health Care Center, a skilled nursing facility located at 750 Woburn Street, Wilmington, County of Middlesex, Commonwealth of Massachusetts (hereinafter referred to as "the facility").

4. In accordance with Mass. Gen. L. c. 223A § 3, the Defendant is amenable to jurisdiction within the Commonwealth of Massachusetts due to its respective contacts with the Commonwealth of Massachusetts including:

   1) contracting any business within the Commonwealth;
   2) contracting to supply services or things in the Commonwealth;
   3) causing tortious injury by an act or omission in the Commonwealth;
   4) causing tortious injury in the Commonwealth by an act or omission outside the Commonwealth in that the Defendant regularly does or solicits business, engages in other persistent course of conduct, derives substantial revenue from goods used or consumed or services rendered in the Commonwealth.

5. On or about June 5, 2012, Decedent, Mary Ellen Lipski, was admitted to Wilmington

1

Health Care Center to receive skilled nursing care following hospitalization at Winchester Hospital for a left ankle fracture, pneumonia, and deep vein thrombosis. Decedent, then 87 years of age, also had a history of dementia.

6. On or about August 21, 2012, Ms. Lipski fell backwards in her wheelchair and hit her head on the floor. As a result of the fall, Ms. Lipski was caused to suffer injuries, including a cervical fracture, subarachnoid hemorrhage, and subdural hematoma. Ms. Lipski passed away on September 1, 2012.

<u>COUNT I</u>

<u>NEGLIGENCE</u>

7. The plaintiff repeats, realleges, and incorporates fully herein paragraphs 1 through 6.

8. The defendant, and its administrators, physicians, nurses, nurse aides, nutritionists, allied health professionals, technicians, and other health care and service providers (hereinafter collectively referred to as the defendant's "agents, servants, and employees") undertook and were employed to provide the decedent, Ms. Lipski, with care and services to enable her to attain and maintain her highest practicable physical, mental, and psychosocial well-being.

9. The defendant and its agents, servants, and employees owed a duty to the decedent to use that degree of skill and care expected of a certified long-term care and nursing facility, and of persons in their respective positions, taking into account the advances in the field.

10. The defendant and its agents, servants, and employees, in breach of their duty, failed to properly treat the decedent and were negligent, careless, and unskillful as to her in one or more of the following ways:

    a) in choosing not to monitor her course and to heed her condition;
    b) in choosing not to adequately and timely address her propensity to fall, thus placing her at a heightened risk for injury;
    c) in choosing not to institute appropriate safety precautions in light of her known risk for falling;
    d) in failing to adequately and consistently perform and document fall risk assessments in light of her known risk factors;
    e) in failing to provide adequate supervision and surveillance of Ms. Lipski while she was in her wheelchair;
    f) in failing to develop a proper resident care plan that included measurable objectives and timetables to meet her medical, nursing, and mental, and psychosocial needs and in following such plan;
    g) in failing to prevent the deterioration of her ability to bathe, dress, groom, transfer and ambulate, toilet, eat, and communicate;

h) in failing to care for her in a manner and in an environment that maintained or enhanced her quality of life, and her dignity and respect;

i) in failing to have sufficient staffing, twenty-four hours per day/seven days per week, to provide nursing and related services to attain or maintain her highest practicable physical, mental, and psychosocial well-being;

j) in failing to ensure that her medical care was properly supervised by a physician, and that a physician was kept apprised of her status;

k) in failing to maintain clinical records in accordance with accepted professional standards;

l) in violating industry guidelines and standards;

m) in violating state and federal rules and regulations;

n) in violating the defendant's own guidelines, standards, rules, policies, and protocols; and

o) in other ways not now known by the plaintiff but which may be learned as discovery in this case progresses.

11. As a direct and proximate result of the breach of duty and deviation from accepted standards of care by the defendant and its agents, servants, and employees, on August 21, 2012, Ms. Lipski was grievously injured, suffered great pain of body and mind, and incurred expenses for medical treatment and care.

12. As a further direct and proximate result of the negligence and carelessness of the defendant and its agents, servants and employees, Ms. Lipski required hospital admissions and transfer to another long-term care facility. Ms. Lipski's injuries directly resulted in a rapid decline in her health, including confinement to bed, pain, and discomfort. She suffered consciously for a time and died on September 1, 2012.

**WHEREFORE**, the plaintiff demands judgment against the defendant, HealthBridge Management, LLC, on behalf of the Estate of Mary Ellen Lipski, for the conscious pain and suffering that Ms. Lipski experienced and the damages she sustained before she died, in full, fair and reasonable amount, together with interest and costs, to the greatest extent allowed by law.

## COUNT II

### NEGLIGENCE – WRONGFUL DEATH
**(Pursuant to the Massachusetts Wrongful Death Statute, M.G.L. c. 229 s. 2)**

13. The plaintiff repeats, realleges, and incorporates fully herein paragraphs 1 through 12.

3

14. As a further direct and proximate result of the breach of duty and deviation from the accepted standards of care by the defendant and by its agents, servants and employees, and its breach of said duty, all as aforesaid, and as a direct and proximate result of Mrs. Lipski's death, her family and next of kin have been deprived of her care, comfort, companionship, society, counsel, advice and guidance, and have incurred funeral and burial expenses by reason of her death.

WHEREFORE, the plaintiff demands judgment against the defendant, HealthBridge Management, LLC, on behalf of Mary Ellen Lipski's family and next of kin for her wrongful death, in full, fair and reasonable amount, together with interest and costs, to the greatest extent allowed by law.

## COUNT III

### CONSCIOUS PAIN AND SUFFERING
**(Pursuant to the Massachusetts Wrongful Death Statute, M.G.L. c. 229 s. 2)**

15. The plaintiff repeats, realleges, and incorporates fully herein paragraphs 1 through 14.

16. The defendant, by its agents, servants and employees undertook and were employed to care for and treat Ms. Lipski. The defendant, by its agents, servants and employees, owed Ms. Lipski that degree of care expected of the average qualified health care provider, in their particular field, taking account advanced in their profession.

17. The defendant, by its agents, servants and employees were negligent and careless as to Ms. Lipski and deviated from the applicable standard of care.

18. As a direct and proximate result of the breach of duty and deviation from accepted standards of care by the defendant and its agents, servants, and employees, on August 21, 2012, Ms. Lipski was grievously injured, suffered great pain of body and mind, and incurred expenses for medical treatment and care.

19. As a further direct and proximate result of the negligence and carelessness of the defendant and its agents, servants and employees, Ms. Lipski required hospital admissions and transfer to another long-term care facility. Ms. Lipski's injuries directly resulted in a rapid decline in her health, including confinement to bed, pain, and discomfort. She suffered consciously for a time and died on September 1, 2012.

## COUNT IV

### GROSS NEGLIGENCE
**(Pursuant to the Massachusetts Wrongful Death Statute, M.G.L. c. 229 s. 2)**

4

20. The plaintiff repeats, realleges, and incorporates fully herein paragraphs 1 through 11.

21. The negligent acts and omissions and breaches of duty by the defendants, HealthBridge Management, LLC, which caused Ms. Lipski's death, were of an aggravated character, demonstrated the absence of even slight diligence or a complete indifference to the legal duties owed Ms. Lipski, and amounted to gross negligence.

   **WHEREFORE**, the plaintiff demands judgment against the defendant, HealthBridge Management, LLC, on behalf of the Estate of Mary Ellen Lipski, for the conscious pain and suffering that Ms. Lipski experienced and the damages she sustained before she died, in full, fair and reasonable amount, together with interest and costs, to the greatest extent allowed by law.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

RESPECTFULLY SUBMITTED
BY PLAINTIFF'S ATTORNEY,


Steven M. Litner, BBO No. 630247
Rawson Merrigan & Litner, LLP
185 Devonshire Street, Eleventh Floor
Boston, MA 02110
(617) 348-0988

Dated: 6/24/15

EXHIBIT 2

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS<br>SUPERIOR COURT DEPARTMENT<br>COUNTY OF MIDDLESEX | DOCKET NO. _____ |
|---|---|---|
| PLAINTIFF(S) **Maciej Lipski, Personal Representative of the Estate of Mary Ellen Lipski** | DEFENDANT(S)  **Healthbridge Management, LLC** | |

| Type Plaintiff's Attorney name, Address, City/State/Zip<br>Phone Number and BBO# | Type Defendant's Attorney Name, Address, City/State/Zip<br>Phone Number (If Known) |
|---|---|
| Steven M. Liner, BBO #630247<br>185 Devonshire Street, 11th Floor<br>Boston, MA 02110<br>(617) 348-0988 | Joseph Desmond<br>Morrison Mahoney<br>250 Summer Street<br>Boston, MA 02210<br>(617) 439-7554 |

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| **B04 Other Negligence - Personal Injury/Property Damage - Fast Track** | | | ◉ ] Yes  ○ ] No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses                    $_____
  2. Total doctor expenses                      $_____
  3. Total chiropractic expenses                $_____
  4. Total physical therapy expenses            $_____
  5. Total other expenses (describe)            $_____
                                      Subtotal  $_____
B. Documented lost wages and compensation to date     $_____
C. Documented property damages to date                $_____
D. Reasonably anticipated future medical expenses     $_____
E. Reasonably anticipated lost wages and compensation to date  $_____
F. Other documented items of damages (describe)       $_____

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

The decedent was caused to fall and suffered a cervical fracture, subarachnoid hemorrhage, and subdural hematoma. The decedent was transferred to MassGeneral Hospital, and she passed away 11 days later.

**Total $   $400,000.00**

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

|  |
|---|

**TOTAL   $..............**

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    Date: 6/24/15

A.O.S.C. 3-2007